UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SHOOTING STAR OWNERS ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SELECTIVE INSURANCE COMPANY OF SOUTH CAROLINA, EFI GLOBAL INC., and MICHAEL J. SUITER,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART [19] PLAINTIFF'S MOTION TO REMAND AND DENYING [3] AND [10] DEFENDANTS' MOTIONS TO DISMISS**<br><br>Case No. 2:26-cv-00513-DBB-DBP<br><br>District Judge David Barlow |

Before the court is Plaintiff Shooting Star Owners Association's ("Shooting Star")

Motion to Remand,[1] Defendant Selective Insurance Company of South Carolina's ("Selective")

Motion to Dismiss,[2] and Defendants EFI Global Inc.'s ("EFI") and Michael J. Suiter's Motion to

Dismiss.[3]

## BACKGROUND

This case involves an insurance coverage dispute between Shooting Star as the insured,

Selective as the insurer, and EFI and Mr. Suiter as damage assessors. Plaintiff alleges the

following:

Shooting Star owns property that was insured under a commercial insurance policy

purchased from Selective.[4] In April 2023, Plaintiff's property was damaged by a severe

---

[1] Motion to Remand, ECF No. 19, filed June 30, 2026.
[2] Selective Motion to Dismiss ("Selective MTD"), ECF No. 3, filed June 2, 2026.
[3] EFI/Suiter Motion to Dismiss ("EFI/Suiter MTD"), ECF No. 10, filed June 2, 2026.
[4] Compl. ¶¶ 1, 10, ECF No. 1-1, filed June 2, 2026.

1

snowstorm.[5] Selective prepared an initial estimate in May 2023 that found only $8,797.19 in covered damages, lower than Plaintiff's deductible under the policy.[6] A few months later, Selective hired EFI to assess the property damage at issue.[7] In September 2023, Mr. Suiter visited the property as an agent of EFI to conduct the inspection.[8] Following his inspection, Mr. Suiter prepared a Roof Damage Assessment report in which he concluded that multiple categories of damage were caused by ice and snow.[9] The report also concluded that the majority of the roof damage was attributable to "sharp metallic tools utilized in ice dam removal."[10] On July 23, 2024, Selective issued a partial denial letter which approved coverage for the previously referenced $8,797.19 in interior damages while denying coverage for the roof and other exterior damages.[11] The denial letter attributed these exterior damages to defective maintenance and improper ice removal with sharp tools.[12] Shooting Star has spent $855,050.98 repairing the various internal and external damages arising from this incident.[13]

Plaintiff originally filed suit in state court. On June 2, 2026, Defendants removed the action to federal court based on diversity jurisdiction.[14] In the Notice of Removal, Defendants acknowledge that Plaintiff Shooting Star and Defendant Michael J. Suiter are named as Utah citizens in the Complaint.[15] However, Defendants argue that diversity exists because Mr. Suiter

---

[5] *Id.* ¶ 17.
[6] *Id.* ¶ 20.
[7] *Id.* ¶ 21.
[8] *Id.* ¶ 22.
[9] *Id.* ¶ 23.
[10] *Id.* ¶ 24.
[11] *Id.* ¶¶ 27–28.
[12] *Id.* ¶ 28.
[13] *Id.* ¶¶ 29–30.
[14] Notice of Removal, ECF No. 1, filed June 2, 2026.
[15] *Id.* at 2.

must be disregarded under the doctrine of fraudulent joinder.[16] Defendants filed their motions to dismiss on the same day the case was removed to federal court.[17] On June 30, 2026, Plaintiff filed its Motion to Remand these proceedings back to state court on the grounds that Mr. Suiter is a proper defendant, so the court lacks diversity jurisdiction.[18]

## STANDARD

"Federal courts are courts of limited jurisdiction."[19] "If jurisdiction is challenged, the burden is on the party claiming jurisdiction to show it by a preponderance of the evidence."[20] Typically, when evaluating diversity jurisdiction, "courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction."[21] But "upon specific allegations of fraudulent joinder the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[22]

## DISCUSSION

### I.    Fraudulent Joinder

Because the Motion to Remand includes arguments that the court lacks subject-matter jurisdiction, the court will address it and the arguments regarding fraudulent joinder first. "The joinder of a nondiverse party is 'fraudulent' when it serves no purpose other than 'to frustrate federal jurisdiction.'"[23] The doctrine of fraudulent joinder "effectively permits a district court to

---

[16] *Id.*
[17] *See* Selective MTD; EFI/Suiter MTD.
[18] Motion to Remand.
[19] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).
[20] *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003) (quoting *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.,* 190 F.3d 1156, 1160 (10th Cir. 1999)).
[21] *Penteco Corp. Ltd. P'ship—1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted).
[22] *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).
[23] *Black Iron, LLC v. Helm-Pac.*, No. 216CV00873JNPDBP, 2017 WL 2623846, at *4 (D. Utah June 16, 2017) (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)).

3

disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction."[24] However, "[t]he defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff."[25]

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[26] Defendants rely on the latter option here. In their Opposition to Shooting Star's Motion to Remand, Defendants argue that the sole cause of action asserted against Mr. Suiter, negligent misrepresentation, is not cognizable because (1) Utah does not recognize a duty running from a third-party damage assessor to the insured and (2) the Complaint otherwise fails to state a claim against Mr. Suiter.[27] In Utah, a claim for negligent misrepresentation "requires a party to demonstrate that (1) a party carelessly or negligently makes a false representation expecting the other party to rely and act thereon, (2) the [other party] actually relies on the statement, and (3) [the other party] suffers a loss as a result of that reliance."[28] A plaintiff must also "demonstrate the existence of a duty running between the parties" in order to prevail under a negligent misrepresentation claim.[29]

---

[24] *Purdy v. Starko, Inc*., No. 1:10-CV-00042-DAK, 2010 WL 3069850, at *2 (D. Utah Aug. 4, 2010) (quoting *Mayes v. Rapoport,* 198 F.3d 457, 461–62 (4th Cir. 1999)).
[25] *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pamphillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1988)).
[26] *Id.* (quoting *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir.2011)) (cleaned up).
[27] Opposition to Motion to Remand ("Remand Opp'n") 1–3, ECF No. 25, filed July 14, 2026.
[28] *Tidwell v. Jensen*, 2026 UT App 13, ¶ 53, 586 P.3d 517, 530 (quoting *Moore v. Smith*, 2007 UT App 101, ¶ 36 n.12, 158 P.3d 562) (alterations in original).
[29] *Duennebeil v. Paramount Fin. Servs., Inc*., 2025 UT App 141, ¶ 9, 579 P.3d 784, 787 (quoting *Smith v. Frandsen*, 2004 UT 55, ¶ 9, 94 P.3d 919).

4

### A.    Duty

Defendants primarily argue that Plaintiff cannot establish a cause of action against Mr. Suiter in Utah state court because Utah law does not recognize any duty running from a third-party professional hired by an insurer to assess property damage to the insured.[30] They contend that, in the absence of any contractual relationship or communication, there can be no duty between Mr. Suiter and Shooting Star.[31] Plaintiff argues that Utah courts have held that licensed professionals may owe a duty of reasonable care to identifiable third-parties they know will rely on their work.[32] Defendants EFI and Mr. Suiter address this argument in their Motion to Dismiss and suggest that the cases Plaintiff refers to are limited in their application to the professions discussed therein—real estate brokers, accountants, and surveyors—or at least to professions that similarly "have a direct relationship with the third parties in a way that justifies that duty."[33]

Before determining whether Plaintiff can establish a cause of action against Mr. Suiter, the court notes that the standard for fraudulent joinder is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)."[34] Merely showing that a plaintiff has not stated a valid claim against a defendant does not rise to the level of fraudulent joinder.[35] Furthermore, the court's objective when considering fraudulent joinder is to determine whether jurisdiction exists, "not to pre-try the merits of the plaintiff's claims."[36] Thus, "[a] claim which can be dismissed

---

[30] Remand Opp'n 3.

[31] *Id.* at 3–4.

[32] Motion to Remand 8.

[33] EFI/Suiter MTD 4.

[34] *Montano v. Allstate Indem.*, 211 F.3d 1278 (Table) (10th Cir. 2000) (unpublished).

[35] *See Dutcher v. Matheson*, 733 F.3d 980, 989 (10th Cir. 2013).

[36] *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished).

only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction."[37]

As Plaintiff points out, Utah courts have found that a third party may have an action in negligence against certain types of professionals even when the parties are not in privity if the professional knows that the third party will likely rely on the professional's work.[38] For example, in *Price-Orem Investment Co. v. Rollins, Brown & Gunnell, Inc.*, the Utah Supreme Court held that the plaintiff had stated a claim for negligent misrepresentation against an engineering firm that was hired by a general contractor to survey a plot of land.[39] Though the plaintiff and the engineering firm were not in privity, the Court concluded that firm owed plaintiff a duty of care because, as the owner of the property in question, the plaintiff "was clearly a party whose justifiable reliance upon the accuracy of the survey might be reasonably foreseen."[40] Utah has found similar professional duties of care to third parties may be owed by accountants,[41] real estate brokers,[42] and real estate appraisers.[43]

In determining whether a new class of professionals may owe a duty of care to third parties, Utah courts examine case law relating to the professions already mentioned, case law from other jurisdictions, and professional statutory duties.[44] As Defendants argue, Utah does not

---

[37] *Id.* (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 853 (3d Cir. 1992)).

[38] *See West v. Inter-Fin., Inc*., 2006 UT App 222, ¶ 13, 139 P.3d 1059, 1063.

[39] *Price-Orem Inv. Co. v. Rollins, Brown & Gunnell, Inc*., 713 P.2d 55, 59–60 (Utah 1986).

[40] *Id.*

[41] *Milliner v. Elmer Fox & Co*., 529 P.2d 806, 808 (Utah 1974) ("We are of the opinion that the lack of privity is not a defense where an accountant who is aware of the fact that his work will be relied on by a party or parties who may extend credit to his client or assume his client's obligations.").

[42] *West v. Inter-Fin., Inc*., 139 P.3d at 1063 (quoting *Hermansen v. Tasulis*, 2002 UT 52, ¶ 20, 48 P.3d 235, 240) ("The Utah Supreme Court observed that although real estate agents are acting on behalf of a seller, their direct relationship with buyers requires them to 'disclose facts materially affecting the value or desirability of the property that are known to [them].'").

[43] *Id.* at 1064.

[44] *Id.*

6

seem to have recognized any duty owed to insureds by damage assessors working for the insurer.[45] And, as Selective points out in its Reply to the motion to dismiss, the cases mentioned above are all potentially distinguishable in some way from the facts alleged here.[46] However, Utah caselaw has not explicitly rejected the existence of such a duty. In light of Utah courts' willingness to find that certain professionals may owe a duty of care to identifiable third parties who rely on the professionals' work, the court cannot say that Mr. Suiter owed Plaintiff no duty as a matter of law. At the very least, resolution of the issue would require a detailed analysis of existing Utah caselaw and standards to determine whether Mr. Suiter's role is similar to that of other professionals who have been found to owe duties to third parties. This is exactly the kind of "intricate analysis of state law" that federal courts have been warned to avoid when considering fraudulent joinder. Thus, Defendants have not met their "heavy burden" of proving fraudulent joinder.

### B.      Failure to State a Claim

Defendants also argue that, even if Mr. Suiter had a duty to Shooting Star, the Complaint fails to plead facts that could possibly support a claim of negligent misrepresentation against him.[47] A party may support its fraudulent joinder argument by showing that no claims against the non-diverse defendant "have a basis in the alleged facts and the applicable law" such that "there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant."[48] In this case, Defendants offer no argument in support of their position that Plaintiff has failed to plead facts showing any of the elements of negligent misrepresentation

---

[45] *See* Remand Opp'n 4–5.
[46] Reply in Support of Motion to Dismiss ("Selective Reply"), ECF No. 26, filed July 14, 2026.
[47] *Id*. at 4; *see also* EFI/Suiter MTD 3.
[48] *Nerad v. AstraZeneca Pharms., Inc*., 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished).

7

with respect to Mr. Suiter.[49] They make only conclusory statements that the Complaint fails to plead the elements of negligent misrepresentation without explaining why Plaintiff would be unable to state a claim against Mr. Suiter on these facts in state court.[50] Accordingly, they have not met their burden of proving fraudulent joinder on this point either. Defendants have not demonstrated Plaintiff's inability to establish any cause of action against Mr. Suiter in state court, so Mr. Suiter cannot be disregarded for purposes of diversity jurisdiction. Because both Shooting Star and Mr. Suiter are Utah citizens, the court lacks jurisdiction over the matter, and it must be remanded.[51]

## II.     Motions To Dismiss

Defendants also filed two motions to dismiss concurrently with the removal of the case to federal court.[52] Because the court has determined that there is no basis for diversity jurisdiction in this case, the court lacks subject-matter jurisdiction to resolve the motions to dismiss.

## III.    Attorney Fees

Finally, Plaintiff asks the court to award it costs and fees under 28 U.S.C. § 1447(c), which gives the court discretion to order just costs and actual expenses incurred as a result of improper removal.[53] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[54] Plaintiff argues that the removal here was unreasonable because it "disregards an unambiguous,

---

[49] *See* Remand Opp'n 4.
[50] *See* Selective MTD 11; EFI/Suiter MTD 3; Remand Opp'n 4.
[51] *See* 28 U.S.C.A. § 1332(a); 28 U.S.C.A. § 1441(b)(2); 28 U.S.C.A. § 1447(c).
[52] *See* Selective MTD; EFI/Suiter MTD.
[53] Motion to Remand 10; 28 U.S.C. § 1447(c).
[54] *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

on-the-face violation of the forum defendant rule."[55] But Defendants did not simply disregard Mr. Suiter's citizenship; they made a colorable argument that he had been improperly added as a defendant and should be disregarded for jurisdiction purposes under the fraudulent joinder doctrine. Defendants' position was not objectively unreasonable, especially considering that it remains unclear under Utah law whether Mr. Suitor owed Plaintiff any duty. As such, the court denies Plaintiff's request for costs and fees.

ORDER

Plaintiff's [19] Motion to Remand is GRANTED, except as to the request for attorneys' fees, which is DENIED. Defendants' [3] and [10] Motions to Dismiss are DENIED without prejudice for lack of jurisdiction.

Signed August 5, 2026.

BY THE COURT

David Barlow
United States District Judge

---

[55] Motion to Remand 10.

9